In the Matter of the Claim of MICHAEL KAPUSCINSKI, Respondent, against JOHN PICONE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of compensation. The board found that claimant was employed as a night watchman on a construction job in the borough of Queens, that, as an incident of his employment, he entered a tavern for coffee and, as he departed at one o'clock in the morning, he was assaulted and robbed. Appellants claim that the accidental injuries did not arise out of and in the course of employment. Upon the first hearing at which testimony was taken, claimant testified that he had left the construction site to obtain a cup of coffee and was assaulted and robbed when he came back. At the next hearing, a city detective testified that an hour or two after the occurrence claimant told him he had a few beers at a tavern several blocks away from the construction site and was offered a ride by two young fellows who beat him and took his money. Claimant was recalled and then testified that the incident occurred when he left the tavern and started back to the job. There was evidence in the record that the employer had given claimant permission to go for coffee during the night. Thus, questions of credibility and fact were presented which were within the province of the board to decide and except that the insurance carrier was not given a reasonable opportunity to produce further evidence, we would affirm the award. The carrier requested an adjournment for the purpose of producing evidence that a restaurant near the construction site was open for business at the time claimant left the job for refreshments. If this were established, an inference could be drawn that when claimant went several blocks to a tavern which served beer instead of to the nearby restaurant he abandoned his employment. Then whether he had resumed his employment before the assault took place would be a question for the board to determine upon all the evidence. The failure of the board to grant

the carrier's request for an adjournment was arbitrary, under the circumstance disclosed by this record, and denied the carrier a fair hearing. Award reversed, with costs to the appellant against the board, and matter remitted to the Workmen's Compensation Board for further consideration. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.